ULM I Holding Corp. v Corbin-Hillman (2021 NY Slip Op 06464)





ULM I Holding Corp. v Corbin-Hillman


2021 NY Slip Op 06464


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Webber, J.P., Kern, González, Mendez, Shulman, JJ. 


Index No. 650477/19 Appeal No. 14630 Case No. 2021-00727 

[*1]ULM I Holding Corp., Plaintiff-Appellant-Respondent,
v
Michelle Corbin-Hillman, Defendant-Respondent-Appellant, Corbin-Hillman Communications, Ltd., Defendant.


Kurzman Eisenberg Corbin & Lever, LLP, White Plains (Fred D. Weinstein of counsel), for appellant-respondent.
Law Offices of Edward Weissman, New York (Edward Weissman of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered November 3, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment as against defendant Michelle Corbin-Hillman and denied defendant's motion for summary judgment or to dismiss the complaint as against her, unanimously modified, on the law, to grant plaintiff's motion, and otherwise affirmed, without costs.
On April 23, 2004, Corbin & Associates, Ltd., defendant Corbin-Hillman Communications, Ltd.'s predecessor (Tenant), as tenant, entered into a lease with plaintiff, as landlord, to lease office space on the 16th floor of the building located at 1776 Broadway, New York, N.Y. Pursuant to the lease, which commenced on June 1, 2004 and ended on April 30, 2013, Tenant was responsible for the payment of rent in the amounts set forth in the lease. Defendant Michelle Corbin-Hillman (Corbin-Hillman) signed the Lease as Tenant's president and simultaneously executed a personal guaranty of the lease.
Under the terms of the guaranty, Corbin-Hillman "unconditionally and absolutely" guaranteed "the full and prompt payment, when due, by acceleration or otherwise, of the rent and additional rent . . . and all other sums and charges payable by Tenant under the Lease, and as the Lease may be hereafter modified, extended or renewed."
On July 8, 2008, Corbin-Hillman, on behalf of Tenant, executed an Additional Space Agreement to lease an additional portion of the 16th floor from plaintiff, and she signed the agreement as president of the company and as guarantor. Pursuant to the Additional Space Agreement, Tenant was responsible for increased rents.
On November 24, 2010, Tenant executed an Extension and Modification Agreement whereby the term of the lease was extended through December 31, 2018. The Extension and Modification Agreement provided that Tenant was responsible for additional rents for the lease extension term and it was also signed by Corbin-Hillman as president of the company and as guarantor.
By letter dated November 30, 2010, Corbin-Hillman informed plaintiff that she would retire "within the term of the lease" and that at that time she wanted to transfer the guaranty of the lease to her son, who was an officer of the company and would "take over as the President and CEO upon my said retirement" (the November 2010 letter). The November 2010 letter requested that plaintiff sign to acknowledge its "agreement to this transfer at the appropriate time," and plaintiff did so. In August 2017, Corbin-Hillman retired and vacated the premises, and less than one year later, Tenant defaulted in payment of the rent. This lawsuit, asserting claims for breach of the lease and guaranty, ensued.
Plaintiff's motion for summary judgment on its claim for breach of the guaranty against defendant Corbin-Hillman should have been granted as plaintiff established, prima facie, the existence of the absolute and unconditional guaranty that was [*2]executed by Corbin-Hillman, the outstanding rent owed by the tenant under the lease, the Additional Space Agreement and the Extension and Modification Agreement and Corbin-Hillman's failure to perform under the guaranty (see Gansevoort 69 Realty LLC v Laba, 130 AD3d 521 [1st Dept 2015]).
Contrary to Corbin-Hillman's assertion, the November 2010 letter was insufficient to revoke or transfer the guaranty. As an initial matter, the letter cannot constitute an agreement to revoke the guaranty. There is nothing in the language of the letter to suggest that plaintiff was agreeing to a revocation of the guaranty as the words "revoke" and "revocation" are entirely absent from the agreement. Indeed, the letter merely mentions a future transfer of the guaranty.
Further, the November 2010 letter cannot constitute a transfer of the guaranty because the terms of the agreement were not met. The letter states that Corbin-Hillman intended to retire at some point "within the term of the lease" and that "at that time," which she later referred to as "the appropriate time," the guaranty would be transferred to her son when he took over as president and CEO of the Tenant. Thus, for the transfer of the Guaranty to occur, the November 2010 Letter required that two specific conditions be met, namely, Corbin-Hillman's retirement and Corbin-Hillman's son taking over as president and CEO of the Tenant. Although Corbin-Hillman retired, there is no evidence, and defendant does not dispute, that Corbin-Hillman's son never took over as president and CEO. Additionally, it is undisputed that plaintiff and Corbin-Hillman's son never executed a new guaranty. Thus, a transfer of the guaranty could not have occurred pursuant to the letter.
Moreover, Corbin-Hillman's son's act of sending the November 2010 letter to plaintiff just prior to Corbin-Hillman's retirement and orally informing plaintiff of defendant's impending retirement was insufficient to constitute a revocation of the guaranty. As already discussed, the letter did not constitute a revocation of the guaranty as it does not mention revocation whatsoever and is only an agreement to a future transfer of the guaranty when certain conditions are met. Therefore, sending a copy of the letter to plaintiff and notifying plaintiff of Corbin-Hillman's retirement would also be insufficient to constitute revocation of the guaranty, which was still in effect for the remainder of the lease term (cf. 27th St. Assoc. v Lehrer, 4 AD3d 165 [1st Dept 2004][guaranty can be terminated at the end of the lease term then in effect upon guarantor's retirement from the tenant company]). Under the circumstances, there is no basis for relieving Corbin-Hillman of her obligations under the guaranty. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021